UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GERALD JONES,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )    No. 11-1445<br>) |
| PATRICK QUINN, et al.,<br>   Defendants. | )<br>)<br>) |

**CASE MANAGEMENT ORDER**

This cause is before the Court for case management. Specifically, Plaintiff has filed a number of motions including a Motion for Clarification of the Plaintiff's Claims and Remaining Defendants [d/e 38], and Defendants Brockett, Buchenau, Griffith, Hobart, and Joyner have filed a Motion for Summary Judgment on the issue of exhaustion [d/e 31].

**I.  Plaintiff's Motion for Clarification [d/e 38]**

While Plaintiff filed his Motion for Clarification of the Plaintiff's Claims and Remaining Defendants [d/e 38] after Defendants filed their Motion for Summary Judgment on the issue of exhaustion, Plaintiff states in his Motion for Clarification that "this Court error have confused the Defendants in this case and other cases pending against them . . . thus therefore the Plaintiff states as follow [sic] his claims and Defendants in this case, and will not and is not seeking relief for no other issues or claims but as follows." Thus, the Court will first consider Plaintiff's Motion for Clarification before it addresses any other of Plaintiff's pending Motions, especially where his indication of what claims and Defendants remain in his case does not reflect the Court's Merit Review Order pertaining to Plaintiff's Amended Complaint. In its Merit Review Order, the Court determined that Plaintiff could proceed on claims for retaliation, deliberate indifference to his serious medical need, and a violation of 720 ILCS 5/12-7.1(c), and

1

determined that the only remaining Defendants were Jason Brockett, Zachary Buchenau, Douglas Brown, Tracy Nodine, Angelica Joyner, Patrick Hobart, Ms. Jones, Ms. Holly, Helen Hamilton, Tranchant, and Griffith. *See* 9/18/2012 Merit Review Order.

Plaintiff's Motion for Clarification will be granted in part and denied in part as set forth below. In the Motion, Plaintiff clearly states his intention to proceed against only certain individuals and to proceed on only certain claims. Plaintiff says that the only Defendants in this case are Jason Brockett, Douglas Brown, Angelica Joyner, Helen Hamilton, Amanda Jones, Kelly Hardy, Mr. Tranchant, and Zachary Buchenau. He says that he did not sue Mr. "Griffin"[1] and that he filed a motion to have Tracy Nodine voluntarily dismissed from this case. He next says that the only issues in this case are only the two incidents that allegedly occurred on August 20, 2011 and November 14, 2011. Finally, Plaintiff says that he is not pursuing any state law claims against the Defendants, as those claims are pending in state court.

As for Kelly Hardy, Plaintiff did not name Hardy in his Amended Complaint, the Court did not identify any claims against Hardy in its Merit Review, and so Hardy has not at any time been a Defendant in this case. The Court will not construe Plaintiff's Motion as to Hardy as a motion to add that person as a Defendant. As for Defendant Nodine and Plaintiff's state law claim, Plaintiff did, indeed, earlier file a Motion to Dismiss Tracy Nodine as a Defendant and the Plaintiff's State Law Claims [d/e 27]. Defendants filed a Response thereto indicating no objection. The Motion will be granted. As for Defendant Griffith, because Plaintiff now says he did not sue Griffith, that Defendant will be dismissed. As for Hobart and Holly, because Plaintiff did not include them in his list of Defendants in his Motion for Clarification, they will be dismissed. Based upon Plaintiff's statements, this case now proceeds against only Defendants

---

[1] While Plaintiff identifies this Defendant as "Griffin," he previously identified this Defendant as "Griffith" in his Amended Complaint, and thus that was the name the Court used in its Merit Review Order.

Brockett, Brown, Joyner, Hamilton, Jones, Tranchant, and Buchenau, and the case proceeds only on Plaintiff's allegations of events that occurred on August 20, 2011[2] and November 14, 2011. Furthermore, Plaintiff's allegations regarding an incident on April 23, 2011 will no longer be considered as part of this case, and Plaintiff's state law claim is dismissed from this case. The Court will limit its consideration of Defendants' Motion for Summary Judgment and Plaintiff's Response thereto accordingly. Plaintiff's Motion for Reconsideration and to Vacate Judgment Dismissing Any Defendant [d/e 22] and Motion to Vacate Judgment of this Merit Review Order dated September 18, 2012 [d/e 28] are rendered moot given Plaintiff's Motion for Clarification. The Court will next address Defendants' Motion for Summary Judgment on the issue of exhaustion.

## II. Defendants' Motion for Summary Judgment on the Issue of Exhaustion [d/e 31]

### A. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

---

[2] Plaintiff did not identify this date in his Amended Complaint. However, the Court discussed in its Merit Review Order that Plaintiff alleged Defendants Brockett and Griffith kicked and stomped Plaintiff in the head on some unspecified date, that Defendants Brockett and Buchenau assaulted Plaintiff, and that Defendants Brockett and Buchenau threatened to assault Plaintiff on numerous days. Defendants identified the date of August 20, 2011 in their Motion for Summary Judgment, which was followed by Plaintiff's Motion for Clarification in which he expressly stated that he was proceeding on his allegations of an incident that occurred on that date.

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## B. ANALYSIS

Each of the Defendants who has moved for summary judgment makes a different argument with regard to exhaustion. The Prison Litigation Reform Act (herein PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Therefore, if an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo*, 286 F.3d at 1025.

The Illinois Department of Corrections has an established grievance process. *See* 20 ILL. ADMIN. CODE §§ 504.800 et seq. An inmate is first required to speak with a counselor about the contested issue. 20 ILL. ADMIN. CODE § 504.810(a). If the counselor does not resolve the problem, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id*. The grievance officer submits his recommendation to the Chief Administrative Officer who "shall advise the offender of the final decision in writing within two months after receipt of the written grievance, where reasonably feasible." 20 ILL. ADMIN. CODE § 504.830(d). If the inmate is not satisfied with the Chief Administrative Officer's response, he

or she can file an appeal with the Director through the Administrative Review Board within 30 days after the date of the Chief Administrative Officer's decision. 20 ILL. ADMIN. CODE § 504.850(a). The Director shall then review the findings and recommendations of the board and make a final determination within six months after receipt of the grievance. 20 ILL. ADMIN. CODE § 504.850(f). When an inmate has received a copy of the Director's decision, the grievance procedure is complete.

**1.    Defendant Brockett**

Defendant Brockett argues that any allegations of assault against him other than those on November 14, 2011[3] have not been properly exhausted by Plaintiff and so should not go forward. Defendant Brockett also says that Plaintiff did not allege in grievances that Brockett's actions on November 14, 2011 were in retaliation for filing grievances and/or pursuing legal action.

Because Plaintiff has clarified that he is only pursuing his allegations pertaining to incidents on August 20, 2011 and November 14, 2011, and because Defendant Brockett acknowledges that Plaintiff exhausted his administrative remedies as to Brockett's alleged assault of Plaintiff on November 14, 2011, Brockett's Motion for Summary Judgment is rendered moot as to the other allegations Plaintiff raised against him that he assaulted Plaintiff.

As for Defendant Brockett's argument that Plaintiff's retaliation and deliberate indifference to Plaintiff's serious medical needs claims against him should be dismissed for failure to exhaust, the Motion for Summary Judgment is granted in that respect. None of Plaintiff's grievances submitted by the parties provide that Plaintiff complained via the grievance process about Defendant Brockett retaliating against him for filing grievances and/or pursuing

---

[3] The Court again notes that it limits its consideration of Defendants' Motion for Summary Judgment in light of Plaintiff's Motion for Clarification. Defendant Brockett argued that any allegations of assault against him other than those on April 23, 2011 and November 14, 2011 should not remain in this case. However, Plaintiff did not include April 23, 2011 as a claim that remains in his case in his Motion for Clarification, and because the Court has granted the Motion for Clarification, it too does not consider the allegations regarding that date as remaining.

legal action, and the grievance regarding the alleged November 14, 2011 assault by Defendant Brockett does not include complaints against Brockett for failing to obtain medical attention for Plaintiff following the assault. In his Response to the Motion for Summary Judgment, Plaintiff does not address Defendant Brockett's arguments and otherwise fails to present evidence to defeat Defendant Brockett's Motion in this respect. Thus, Plaintiff's retaliation claim against Defendant Brockett is dismissed for failure to exhaust that claim before Plaintiff filed his lawsuit.

**2.     Defendant Buchenau**

Defendant Buchenau argues that any allegations against him other than the alleged assault on August 20, 2011 were not properly exhausted by Plaintiff. Because Defendant Buchenau acknowledges that Plaintiff exhausted his administrative remedies as to Buchenau's alleged assault of Plaintiff on August 20, 2011, Buchenau's Motion for Summary Judgment is rendered moot as to any other allegations of assault by Buchenau on other occasions.

**3.     Defendant Joyner**

Defendant Joyner argues that Plaintiff did not include Joyner's name in his grievance pertaining to the one claim against her that she witnessed the alleged assault on November 14, 2011, but did nothing to help Plaintiff. Plaintiff disputes that he did not exhaust his administrative remedies about Defendant Joyner's alleged failure to intervene on his behalf on November 14, 2011. Plaintiff says that he submitted a grievance (Exhibit 7-A attached to his Response) directly to his counselor which included his complaint about how Defendant Joyner looked on and did nothing as Defendant Brockett assaulted Plaintiff on November 14, 2011.

Specifically, Plaintiff says he sent the grievance dated November 17, 2011[4] directly to his counselor after the grievance officer refused to process the grievance, and that his counselor refused to respond to the grievance. Indeed, the evidence in the record contains a November 17, 2011 grievance that includes Defendant Joyner's name and how she allegedly looked on as Defendant Brockett assaulted Plaintiff on November 14, 2011. The November 17, 2011 grievance was stamped "Received" on November 18, 2011 at Pontiac Correctional Center. Defendants did not file a Reply addressing Plaintiff's contentions regarding his grievance counselor's failure to respond to his November 17, 2011 grievance.

Thus, it appears that Plaintiff did not properly complete the grievance process as to his November 17, 2011 grievance before he filed this lawsuit where evidence in the record indicates that it was returned to him with a note to contact his correctional counselor. Therefore, the question is whether administrative remedies were truly "available" to Plaintiff. 42 U.S.C. § 1997e(a). The PLRA, does not define "availability" for purposes of the exhaustion requirement. However, the Seventh Circuit has held that the "availability of a remedy is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009), *quoting Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). For example, prison officials who engage in affirmative misconduct, Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), or fail to respond to grievances, render the grievance process unavailable to an inmate. Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002).

Plaintiff essentially argues that because he did not receive a response to his November 17, 2011 grievance, he should be considered to have exhausted the administrative remedies that

---

[4] There are two grievances dated November 17, 2011. One is Defendants' Exhibit B in support of their Motion for Summary Judgment and is numbered 055752. The other is Exhibit 7-A attached to Plaintiff's Response. The grievance relevant to the Court's discussion is the latter one provided by Plaintiff.

7

were actually available to him. Notably, in the last section of Plaintiff's Response, he cites to a February 26, 2012 grievance he allegedly attempted to submit regarding his belief that his grievances were generally not being properly addressed. In that grievance (Exhibit One, Document 36-2 at p. 8), Plaintiff says, "I filed two seperate [sic] grievances: 1) on the assault and conspiracy to cover it up by C/O Brockett, Lt. Hamilton, C/O Nodine and staff and 2) a seperate [sic] grievance about the adjustment committee found me guilty of assault with no evidence." He attached those two grievances as Exhibits 1 and 2 to the February 26, 2012 grievance. Exhibit 1 is the November 17, 2011 grievance numbered 055752. Though his own evidence in the record appears to contradict his assertion that he submitted the November 17, 2011 grievance he says went unanswered, the Court cannot find as a matter of law that Plaintiff did not timely submit that grievance.

Ultimately, Defendant Joyner cannot meet her burden of proof regarding exhaustion based on uncontested facts alone and therefore the Motion for Summary judgment is denied as to Defendant Joyner [d/e 32]. Under these circumstances, the Court must set an evidentiary hearing on the issue of exhaustion and resolve the relevant factual issues. *See Pavey v. Conley*, 544 F.3d at 739, 742 (7th Cir. 2008); *Peterson v. Miami Correctional Facility*, 2009 WL 523117, at *2 (N.D. Ind. Feb. 27, 2009) ("If the court cannot resolve the question of exhaustion based on the affidavits and documentary evidence, it must conduct a hearing to resolve any disputed issues of material fact."). Specifically, resolution of this matter turns on credibility. This case is set for status hearing on October 4, 2013 at 10:30 a.m. by telephone conference call to determine what evidence and witnesses are needed for an evidentiary hearing on the issue of exhaustion pursuant to *Pavey v. Conley*, 554 F.3d 739 (7th Cir. 2008).

**IT IS THEREFORE ORDERED that:**

1) Plaintiff's Motion for Clarification is GRANTED IN PART AND DENIED IN PART [d/e 38] as set forth in this Order. Defendants Nodine, Hobart, Holly, and Griffith are DISMISSED as Defendants. This case now proceeds against only Defendants Brockett, Brown, Joyner, Hamilton, Jones, Tranchant, and Buchenau, and the case proceeds only on Plaintiff's allegations of events that occurred on August 20, 2011 and November 14, 2011.

2) Plaintiff's Motion to Dismiss Tracy Nodine as a Defendant and the Plaintiff's State Law Claims is GRANTED [d/e 27].

3) Plaintiff's Motion for Reconsideration and to Vacate Judgment Dismissing Any Defendant [d/e 22] and Motion to Vacate Judgment of this Merit Review Order dated September 18, 2012 [d/e 28] are rendered MOOT.

4) Defendants' Motion for Summary Judgment is GRANTED IN PART, DENIED IN PART, AND MOOT IN PART [d/e 31]. Defendants' Motion is granted insofar as Plaintiff's claim for retaliation against Defendant Brockett is dismissed for failure to exhaust his administrative remedies as to that claim. The Motion is denied as to Defendant Joyner. The Motion is moot in all remaining respects.

5) The following claims remain against the following Defendants in this matter: 1) an excessive force claim against Defendant Brockett based upon Plaintiff's allegations regarding an assault on November 14, 2011; 2) an excessive force claim against Defendant Buchenau based upon Plaintiff's allegations regarding an assault on August 20, 2011; 3) deliberate indifference to Plaintiff's serious medical need against Defendant Brown based upon Plaintiff's allegations Brown failed to obtain medical treatment for him following the November 14, 2011 assault; and 4) a failure to intervene claim against Defendants Jones, Joyner, Hamilton, and Tranchant.

6) This case is set for status hearing on October 4, 2013 at 10:30 a.m. by telephone conference call to determine what evidence and witnesses are needed for an evidentiary hearing on the issue of exhaustion pursuant to *Pavey v. Conley*, 554 F.3d 739 (7th Cir. 2008) as it pertains to Defendant Joyner.

ENTERED this 24th day of September, 2013.

                                s/ James E. Shadid
                                JAMES E. SHADID
                    CHIEF UNITED STATES DISTRICT JUDGE